■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE DOTSON and WILLIE JAMISON, Appellants.—Appeals by defendants from two judgments of the County Court, Suffolk County, one as to each of them, both rendered March 25, 1977, convicting them of murder in the second degree, upon a jury verdict, and imposing sentence. Judgments affirmed. The trial court first charged the jurors that the confessions of the defendants met constitutional safeguards. Later, it instructed them to disregard that state-ment and to determine whether the confessions had been voluntarily made.

Still later, the trial court charged the jurors that it, the court, had made no such determination and that it was up to them to decide the issue. In our opinion, although the original instruction by the trial court was erroneous, the subsequent instructions served to effectively cure the error. Defendants also contend that the trial court committed reversible error by charging that they were accomplices as a matter of law. Defendants argue that the instruction may very well have been deemed by the jury as an indorsement by the trial court of the truth of the testimony of the People's witnesses, that defendants were together on the night of the crime, and a rejection of the testimony of their alibi witnesses. We disagree. Although the charge was erroneous, in a supplemental charge, the court gave curative instructions and explained that since no accomplice testimony had been received, the previous instruction should not be considered by them in any way. Accordingly, in view of the curative instructions given by the trial court, and the fact that there was overwhelming proof of guilt as to each defendant, the errors were not prejudicial and the judgments should be affirmed. Titone, J. P., Suozzi, Margett and Hawkins, JJ., concur.